IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 1:10-cr-00003 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | |
| ANTHONY QUINN WILSON | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's *pro se* "Motion Requesting Compassionate Release Under 18 U.S.C. § 3582 and U.S.S.G. § 1B1.13" (Doc. No. 121), and a Supplemental Memorandum (Doc. No. 134), filed by counsel for Defendant; as well as the Government's Responses (Doc. No. 124, 135). For the reasons stated below, Defendant's Motion (Doc. Nos. 121) is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2013, Defendant pled guilty, before now-retired Judge William J. Haynes, Jr., to possession with intent to distribute cocaine base. (Doc. Nos. 1, 65, 66). Through the Plea Agreement, under Rule 11(c)(1)(C), Defendant acknowledged he is a Career Offender, and that his anticipated guideline range was 151 to 188 months of imprisonment (Offense Level 29 and Criminal History Category VI). (Doc. Nos. 1, 66, 97). The parties agreed to a sentence of 176 months, and the Government agreed to drop the three remaining drug trafficking charges in the

Indictment. (*Id.*)[1] At the subsequent sentencing hearing, on April 20, 2015, Judge Haynes imposed the agreed 176-month sentence. (Doc. Nos. 96, 98, 99).

The United States is in a public health crisis due to COVID-19, the infectious disease caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). *See* World Health Org., *Naming the Coronavirus Disease (COVID-19) and the Virus That Causes It*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/technicalguidance/naming-the-coronavirus-disease-(covid-2019)-and-the-virus-that-causes-it (last visited July 27, 2020); U.S. Department of Health & Human Servs., *Renewal of Determination that a Public Health Emergency Exists*, https://www.phe.gov/emergency/news/healthactions/phe/Pages/covid19-23June2020.aspx (last visited July 27, 2020) (renewing, effective July 25, 2020, determination that a nationwide public health emergency exists due to the COVID-19 pandemic and has existed since January 27, 2020). COVID-19 has now killed more than 148,000 Americans and infected more than 4.2 million in a few months. *Mortality Analysis*, Johns Hopkins U. & Med. (July 28, 2020, 1:16 p.m.), https://coronavirus.jhu.edu/data/mortality.

The Centers for Disease Control and Prevention ("CDC") advises that individuals with certain underlying health conditions and older adults are at increased risk for severe illness and death if they contract the virus. *See* CDC, *People Who Are at Increased Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited July 27, 2020). "At this time, there is no known cure, no effective treatment, and no vaccine." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring). According to the CDC, "[t]he best way to prevent illness is to avoid being

---

[1] According to Defendant, he agreed to the sentence to avoid the higher guideline range (188-235 months) that would have applied if the Government had filed a notice of prior drug conviction under 21 U.S.C. § 851.

exposed to the virus." *See How COVID-19 Spreads*, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html. (last visited July 27, 2020).

## II. STANDARD OF REVIEW

In December 2018, Congress passed the First Step Act, Section 603 of which transformed the process for compassionate release under Section 3582(c)(1)(A) to allow prisoners to directly petition courts. The compassionate release statute now states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement pertaining to reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is set forth in Section 1B1.13 of the United States Sentencing Guidelines Manual, and provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> > (1) (A) Extraordinary and compelling reasons warrant the reduction; or

> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the Application Notes to Section 1B1.13, the Sentencing Commission describes circumstances that could be considered extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), including the criteria to be applied and a list of specific examples. *See* U.S.S.G. § 1B1.13 cmt. n. 1. However, the Sentencing Commission has not amended or updated Section 1B1.13 or the Applications Notes since the First Step Act was enacted. Therefore, although Section 1B1.13 and the Application Notes provide helpful guidance, a majority of courts have held that district courts are not bound by these sources in determining what constitutes "extraordinary and compelling reasons" for compassionate release under Section 3852(c)(1)(A). *See, e.g., United States v. Gray,* 2020 WL 5094710, at *4 (D. Kan. Aug. 28, 2020); *United States v. Moore,* 2020 WL 4926601 (M.D. Tenn. Aug. 21, 2020); *United States v. Cantu,* 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019). This Court agrees with the majority view.

### III. ANALYSIS

As an initial matter, the Court notes the Government, in its most recent brief, no longer contests that Defendant has exhausted administrative remedies, as required by Section 3582(c)(1)(A). (Doc. No. 135).

Through his filings, Defendant presents the following basis for his request for compassionate release. Defendant is 51 years old and is currently housed at FCI Forrest City Low

in Arkansas. He has served approximately 10 years and four months of his 176-month sentence, and his projected release date is November 16, 2022. Defendant states he suffers from persistent hypertension and high cholesterol and is African-American.

Defendant points out that the CDC indicates people with hypertension may have an increased risk for severe illness if they contract the virus. Defendant also cites a study indicating high cholesterol may contribute to the severity of the disease. Defendant contends these underlying health conditions, along with his race and ethnicity, place him at a higher risk of developing serious complications if he contracts the virus, and constitute "extraordinary and compelling reasons" for the Court to grant compassionate release.

The Government argues Defendant's hypertension is not severe and is being well managed in prison, and points out that high cholesterol has not been recognized by the CDC as presenting a higher risk. The Government also contends that the Section 3553 factors, including Defendant's lengthy criminal history, weigh heavily against early release in this case.[2]

Defendant's only underlying medical condition recognized as a possible risk factor by the CDC is hypertension. *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19) People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 28, 2020) (People with hypertension "might be at an increased risk for severe illness from COVID-19.")[3]

---

[2] The Government also argues Defendant's past probation violations indicate he is unlikely to comply with safety measures, such as wearing a mask, keeping a social distance, and frequently washing his hands, if he is released. The Government has not cited any scientific evidentiary support for such an assertion.

[3] The CDC states that race and ethnicity are "risk markers for other underlying conditions that impact health – including socioeconomic status, access to health care, and increased exposure to the virus due to occupation (*e.g.,* frontline, essential, and critical infrastructure workers)." Centers for Disease Control and Prevention, *COVID-19 Associated Hospitalization Related to Underlying Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-

For purposes of Defendant's Motion, however, the Court will assume he has demonstrated "extraordinary and compelling reasons" for compassionate release. Even if those reasons exist, however, the Court still must consider the Section 3553(a)[4] factors to determine if a sentence of "time-served" – in this case, approximately 124 months of a 176-month sentence – is one that is "sufficient, but not greater than necessary" to comply with those factors. 18 U.S.C. § 3553(a). Given Defendant's extensive criminal history, a "time-served" sentence is not sufficient, at this time, as it would undermine the need to protect the public, the need to promote respect for the law, and the need to afford adequate deterrence. For these reasons, the Court concludes Defendant's request for compassionate release should be **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

underlying-medical-conditions.html (last visited August 28, 2020). Defendant has not addressed how these risk markers would apply to a person who is incarcerated.

[4] The factors set forth in Section 3553(a) include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- the applicable Sentencing Guideline range;

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- the need to provide restitution to any victims of the offense.